IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>JAMES N. COPPOCK,<br><br>     Defendant. | 8:12CR158<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's objections, Filing No. 25, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 22, denying he defendant's motion to dismiss, Filing No. 14. The defendant was charged with a violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250.

The defendant raises legal challenges to SORNA. He argues that: 1) SORNA violates the non-delegation doctrine under U.S. Const. article I, § 1; 2) the Attorney General's determination of the scope of SORNA's retroactive reach did not comply with the Administrative Procedure Act, 5 U.S.C. § 553, and therefore SORNA is not retroactively applicable to the defendant; 3) the defendant's prosecution under SORNA violates the Ex Post Facto Clause of the Constitution; 4) lack of notice and procedure bar his prosecution on due process grounds; and 5) SORNA is an unconstitutional exercise of federal power over the states in violation of the Tenth Amendment. The magistrate judge found that the defendant's arguments were foreclosed by Eighth Circuit precedent. Filing No. 24, Transcript ("Tr.") at 21.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record, including the transcript of the hearing on the motion to dismiss on July 11, 2012, and the exhibits admitted at the hearing. *See* Filing No. 24, Transcript ("Tr."); Filing No. 19, Exhibit ("Ex.") List.

The defendant largely agrees with the facts set out in the government's brief. *See* Filing No. 17, Government Brief at 1-2; Filing No. 24, Tr. at 4-7. The magistrate judge adopted those facts. Filing No. 24, Tr. at 7. It is, therefore, undisputed that Coppock was convicted of Carnal Knowledge and Kidnaping of a Minor in military court in August 1990. *Id.* at 4. As a consequence of those convictions, he has a lifetime obligation to register as a sex offender. *See* Ex. 1, Affidavit of Senior Investigator Eric Mayo ("Mayo Aff.") at 1. He was sentenced to 19 years and imprisoned at Fort Leavenworth, Kansas, for six and a one-half years. *See* Ex. 2, Pretrial Services Report at 3. He was released on military parole on February 3, 1997, and was supervised by the United States Probation Office in the District of Nebraska. Tr. at 5. His parole expired and supervision ended on March 22, 2009. *Id.*

On November 5, 2009, Coppock signed a Notification of Sex Offender Registration Responsibility letter acknowledging his obligation to register and to update his registration as a sex offender. *See* Ex. 1, Mayo Aff. at 1. Coppock was registered on the Nebraska Sex Offender Registry as living at a residence in Blair, Nebraska, until December 1, 2009, when he reported that he was leaving the country and traveling to the Philippines. *Id.* at 2. An examination of Immigration and Customs Enforcement

records showed that Coppock did not leave the United States as he reported.  *Id.*  Coppock did not register or update his sex offender registration with the State of Nebraska from December 2009 to the date of his arrest on May 7, 2012.  *Id.*; Filing No. 17, Government Brief at 3.  Law enforcement officers determined that he had been employed by several employers in the interim and had failed to update his sex offender registration.  Ex. 1, Mayo Aff. at 2-3.  Law enforcement officers also determined that Coppock was residing at an apartment on South 30th Street in Omaha, Nebraska, between December 2011 and January 31, 2012, and that address had not been registered with the Nebraska Sex Offender Registry.  *Id.* at 3.

The parties agree to the following relevant dates.  The Adam Walsh Child Protection Safety Act was enacted on July 27, 2006.  On February 28, 2007, the Attorney General promulgated an Interim Rule specifying that the Act's registration requirements were applicable to pre-Act offenders, and on July 2, 2008, the Attorney General issued its final regulation and Guidelines.  73 Fed. Reg. 38,030 (2008).

## DISCUSSION

The defendant is a pre-Act offender.  The Supreme Court recently clarified that "the Act's registration requirements do not apply to pre-Act offenders until the Attorney General so specifies."  *Reynolds v. United States*, 132 S. Ct. 975, 984 (2012).  The defendant relies on the recent Fifth Circuit case of *United States v. Kebodeaux*, 2012 WL 2632106 (5th Cir. 2012) (en banc), in support of his motion.

The court agrees with the magistrate judge that the defendant's reliance on that case is misplaced.  In *Kebodeaux*, the Fifth Circuit Court of Appeals ("Fifth Circuit") found SORNA unconstitutional as applied to offenders who had completed their

sentences and had been unconditionally released, finding that an offender's "commission of a Federal crime is an insufficient basis for Congress to assert unending criminal authority over him." *Id.* at *1. The Fifth Circuit's holding was "limited to the specific and limited facts" of that case and the federal registration requirement was found unconstitutional on "narrow grounds." *Id.* at *1. The Fifth Circuit stated that it did "not call into question Congress's ability to impose conditions on a prisoner's release from custody, including requirements that sex offenders register intrastate changes of address after release." *Id.* The Fifth Circuit drew a distinction between SORNA's requirements and probation or supervised release—stating that "[u]nlike the situation involving probation or supervised release, SORNA's sex-offender-registration requirements (and § 2250(a)(2)(A)'s penalties) were not a condition of [the offender's] release from prison, let alone a punishment for his crime." *Id.* at *4. The Fifth Circuit's finding expressly excluded "the registration requirements for (1) any federal sex offender who was in prison or on supervised release when the statute was enacted in 2006." *Id.* at *2. The defendant fits that category—he was on parole when the statute was enacted. Notwithstanding the fact that the Fifth Circuit opinion is not binding on this court, its holding is not applicable to this defendant.

The court finds that the defendant's nondelegation challenge is not foreclosed in the Eighth Circuit. The merits of that issue have not yet been squarely addressed in this circuit, since, prior to *Reynolds*, 132 S. Ct. at 984, Eighth Circuit precedent held that defendants lacked standing to raise the issue. *See, e.g., United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008); *United States v. Voice*, 622 F.3d 870, 879 (8th Cir. 2010). The Supreme Court found to the contrary in *Reynolds*, making it clear that such an

offender has standing to bring a nondelegation challenge.  *United States v. Sharp*, 2012 WL 1382429, *1 (remanding for consideration of nondelegation issue).

The court finds the defendant's argument that SORNA is an impermissible delegation of legislative power unavailing nonetheless.  The nondelegation doctrine is based on the principle of preserving the separation of powers between the coordinate branches of government.  *United States v. Ambert*, 561 F.3d 1202, 1211 (11th Cir. 2009).  "It is derived from Article 1, Section 1 of the Constitution, which states that '[a]ll legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.'"  *Id.* (quoting U.S. Const. art. I, § 1).  The "doctrine holds that 'Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is [constitutionally] vested.'"  *Id.*  (quoting *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 421 (1935)).  "Under the nondelegation doctrine, Congress may not delegate its legislative power unless it 'lays down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform.'"  *United States v. Anderson*, 686 F.3d 585, 590 (8th Cir. 2012) (quoting *Mistretta v. United States*, 488 U.S. 361, 372-73 (1989)).

Nondelegation challenges to SORNA have been uniformly rejected in other circuits.  *See United States v. Felts*, 674 F.3d 599, 606-07 (6th Cir. 2012); *United States v. Whaley*, 577 F.3d 254, 262-64 (5th Cir. 2009); and *Ambert*, 561 F.3d at 1212-14. The court agrees with the reasoning of the Fifth, Sixth and Eleventh Circuits and finds that that SORNA survives a nondelegation challenge. *See id.*  In SORNA, "'Congress clearly delineates the general policy, the public agency which is to apply it, and the

boundaries of this delegated authority.'" *Ambert*, 561 F.3d at 1213 (quoting *American Power & Light Co.*, 329 U.S. at 105) (also noting that "since 1935, the Supreme Court has not struck down a single statute as an impermissible delegation of legislative power").

Similarly, the defendant's Tenth Amendment argument is not foreclosed by Eighth Circuit precedent. Again, the Eighth Circuit had earlier ruled that defendants lack standing to raise a Tenth Amendment challenge, *see United States v. Hacker*, 565 F.3d 522, 526 (8th Cir. 2009), but the Supreme Court later found that a defendant has prudential standing to challenge a conviction on Tenth Amendment grounds, abrogating the Eighth Circuit's position. *See Bond v. United States*, 131 S. Ct. 2355, 2366-67 (2011). After *Bond*, the Eighth Circuit addressed the merits of a Tenth Amendment challenge to SORNA, finding that SORNA does not violate the Tenth Amendment, but that case was later vacated and remains pending at the Eighth Circuit on remand. *United States v. Smith*, 655 F.3d 839, 848 (8th Cir. 2011), *cert. granted*, *judgment vacated*, 2012 WL 486276 (June 4, 2012).

Although the *Smith* case lacks precedential value, the court finds the Eighth Circuit would most likely follow its earlier reasoning on the issue. Accordingly, the court finds Coppock's Tenth Amendment claim fails on the merits. *See United States v. Johnson*, 632 F.3d 912, 920 (5th Cir. 2011) (noting that SORNA does not require the states to comply with its directives; rather, the statute allows jurisdictions to decide whether to implement its provisions or lose ten percent of their federal funding otherwise allocated for criminal justice assistance); *Kennedy v. Allera*, 612 F.3d 261, 269 (4th Cir. 2010) (observing that SORNA does not impermissibly commandeer state authorities).

The defendant's argument with respect to lack of compliance with APA rulemaking is directed at the interim rule. 28 C.F.R. § 72.3 ("Interim Rule"); 72 Fed. Reg. 8894. It has been held that the Interim Rule issued by the Attorney General in February 2007 was not valid under the APA because the Attorney General lacked good cause to dispense with the notice-and-comment and thirty-day publication requirements. *See United States v. Stevenson*, 676 F.3d 557, 561 & n.2 (6th Cir. 2012). The Final Rule, however, was made available for comment—on May 30, 2007, the Attorney General published proposed guidelines from the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking ("the SMART guidelines"). 72 Fed. Reg. 30,210, 30,212; s*ee Stevenson*, 676 F.3d at 660. Following review and discussion of the comments, the Attorney General issued a Final Rule on July 2, 2008. 73 Fed. Reg. 38,030. Generally, under the APA, a rule becomes effective thirty days after publication. 5 U.S.C. § 553(d). On December 29, 2010, the Attorney General, without conceding that the Interim Rule and the SMART guidelines were invalid, responded further to the comments on the issue of retroactivity and "finaliz[ed]" the Interim Rule to dispel any doubts regarding the retroactivity of SORNA." 75 Fed. Reg. 81,849, 81,850; *see Stevenson*, 676 F.3d at 660. The Attorney General stated that the effective date of this latest Final Rule was January 28, 2011, which was thirty days after its publication. *Id.*

Whatever the controversy over the effective date of the retroactivity rules, Coppock is charged with failing to register after the latest arguable effective date for the Final Rule. Because the defendant is charged with failure to register after the Final Rule became effective, he cannot challenge the Interim Rule as violating the APA's

notice-and-comment requirements. *United States v. Knutson*, 680 F.3d 1021, 1023 (8th Cir. 2012); *United States v. Mefford*, 463 Fed. App'x 605, *606 n.1, 2012 WL 1059019, **1 (8th Cir. 2012).

The defendant's remaining arguments—that the statute is an ex post facto law and that he has been deprived of due process are foreclosed by Eighth Circuit precedent. *See United States v. Waddle*, 612 F.3d 1027 (8th Cir. 2010) (SORNA is not an ex post facto law); *United States v. Baccam*, 562 F.3d 1197, 1199–1200 (8th Cir. 2009) (notice of state law sex offender registration requirements satisfies due process). Accordingly,

IT IS ORDERED:

1.     Defendant's objections (Filing No. 25) to the F&R of the magistrate judge are overruled.

2.     The F&R of the magistrate judge (Filing No. 22) is adopted.

3.     The defendant's motion to dismiss (Filing No. 14) is denied..

DATED this 31st day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.